**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JEWELL KIMMELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1295-R |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell [Doc. No. 19] entered September 8, 2008 and Plaintiff's Objections to the Report and Recommendation filed September 29, 2008 [Doc. No. 20]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ's simple reference to the Plaintiff's lumbar and cervical surgeries as medically determinable impairments existing through the date Plaintiff was last insured (June 30, 1999) constituted an adequate discussion of the evidence. Plaintiff faults the ALJ for his step two determination that Plaintiff's impairments existing before the date she was last insured were not severe "without discussing any specifics of the case relevant to . . . [Plaintiff's] medical history." Objection at p. 5. Secondly, Plaintiff apparently disagrees with the Magistrate Judge's conclusion that the ALJ's step two determination was supported by substantial

evidence in the record, stating that she believes "that the medical and testimonial evidence does in fact show that her spinal problems would have more than minimally limited her ability to perform basic work activities prior to her June 1999 DLI." *Id.* at p. 6. She states that because she testified that both her lumbar and cervical spine problems were present in June of 19991, and medical evidence showed that significant lumbar spine problems prior to June of 1999 and that she had two surgeries for significant cervical spine problems four years after her DLI, the ALJ should have either obtained records showing the progression of Plaintiff's cervical condition to conduct a credibility analysis or explained why Plaintiff's documented lumbar problems were not "severe" through her DLI. *Id.* In a related argument, Plaintiff asserts that the ALJ committed reversible legal error by failing to properly develop the record by obtaining medical records that were most near to Plaintiff's DLI relating to cervical fusions in June of 2002 and April of 2003. Finally, Plaintiff argues that the ALJ committed reversible legal error by failing to evaluate the credibility of Plaintiff's subjective complaints and, she says, the Magistrate Judge provided no explanation for the ALJ's failure to perform a credibility analysis.

The Court has carefully reviewed the entire administrative record, the ALJ's decision and the Report and Recommendation of the Magistrate Judge in light of Plaintiff's objections. The Court fully concurs in the Magistrate Judge's analysis and conclusions concerning the issues raised by Plaintiff, which are the same issues Plaintiff raises in her Objections to the Report and Recommendation. The Court further concludes that Plaintiff's objections are without merit.

With respect to the ALJ's alleged failure to develop the record by obtaining medical records most near to Plaintiff's DLI that related to her subsequent cervical fusions in June of 2002 and April of 2003, it is true that the ALJ has the responsibility "in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)(quoting *Henrie v. United States Department of Health & Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1997)). However, "the ALJ's duty is triggered only after the claimant has satisfied his or her burden to provide objective evidence 'sufficient to suggest a reasonable possibility that a severe impairment exists.'" *Briggs v. Astrue*, 221 Fed. Appx. 767, 771 (10th Cir. April 9, 2007)(No. 06-5141)(quoting *Hawkins*, 13 F.3d at 1167). A claimant is responsible for furnishing medical evidence of claimed impairments and medical evidence showing the severity of her impairments. *See* 20 C.F.R. § 404.1512(a), (c). Moreover, where as here, the claimant is represented by counsel, the "ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Hawkins*, 113 F.3d at 1167-68. *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008)(same). Plaintiff and Plaintiff's counsel have never specifically identified the medical records Plaintiff claims the ALJ should have obtained and there is no indication in the record that Plaintiff ever identified the medical providers who observed and/or treated her lumbar and/or cervical spine problems for the relevant period, that she attempted to obtain the allegedly missing medical evidence or that her counsel, either before, during or after the hearing before the ALJ, requested the assistance of the Commissioner or the ALJ to obtain the allegedly missing medical evidence. Plaintiff's

own statements concerning the existence of a cervical spinal impairment before the date on which she was last insured are insufficient to establish same. *See* 20 C.F.R. § 404.1528(a); *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

In this case, it was unnecessary for the ALJ to evaluate Plaintiff's credibility because "the medical evidence submitted by Plaintiff simply did not create any possibility that Plaintiff's back, neck, or other impairments significantly limited her ability to work as of June 30, 1999." Report and Recommendation at p. 7.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 19] is ADOPTED in its entirety and the decision of the Commissioner denying Plaintiff's application for benefits is affirmed.

IT IS SO ORDERED this 2nd day of October, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE